UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BRITTNEY LUTE<br>223 Wells Street<br>Elsmere, Kentucky 41018 | : <br> : <br> : | CASE NO.: 1:20-cv-611<br>Judge |
| ESTHER PORTILLO<br>1234 Quebec Road<br>Cincinnati, Ohio 45205 | : <br> : <br> : | |
| CHAILSEA ACOSTA<br>667 Delta Avenue<br>Cincinnati, OH 45226 | : <br> : <br> : | |
| Plaintiffs | : | **COMPLAINT** |
| v. | : | **WITH JURY DEMAND** |
| VIVERO RESTAURANTS, INC.<br>SERVE: JORGE H. MARTINEZ, AGENT<br>20 High Street, Suite 209<br>Hamilton, Ohio 45014 | : <br> : <br> : <br> : | |
| And | : | |
| TAQUERIA MERCADO, INC.<br>SERVE: LOURDES LEON<br>6507 Dixie Highway<br>Fairfield, Ohio 45014 | : <br> : <br> : <br> : | |
| And | : | |
| VICTOR ROMO<br>c/o Taqueria Mercado<br>100 E. 8th Street<br>Cincinnati, Ohio 45202 | : <br> : <br> : <br> : | |
| Defendants | : | |

Plaintiffs Brittney Lute, Esther Portillo, and Chailsea Acosta (collectively "Plaintiffs") state the following for their claims against Vivero Restaurants, Inc., Taqueria Mercado, Inc., and Victor Romo (collectively "Defendants"):

## INTRODUCTION

1. This is an action where three waiters are bringing claims against their employer because their employer compelled their participation in an unlawful tip-sharing policy that forces waiters to share their tips with their employer and manager. Further, because Defendants either intentionally or negligently misrepresented Plaintiffs' wages to tax agencies, Defendants financially damaged Plaintiffs.

## PARTIES

2. Plaintiff Brittney Lute ("Lute") was employed with Defendants in Cincinnati, OH.

3. Plaintiff Esther Portillo ("Portillo") was employed with Defendants in Cincinnati, OH.

4. Plaintiff Chailsea Acosta ("Acosta") was employed with Defendants in Cincinnati, OH.

5. Defendant Vivero Restaurants, Inc. ("Vivero") is a corporation registered with the Ohio Secretary of State, and upon information and belief, it receives gross sales in excess of $500,000 and is engaged in interstate commerce.

6. Defendant Taqueria Mercado, Inc. ("Taqueria") is a corporation registered with the Ohio Secretary of State, and upon information and belief, it receives gross sales in excess of $500,000 and is engaged in interstate commerce.

7. Defendant Victor Romo ("Romo") is an agent of the corporate Defendants, and he is an employer as defined under the Fair Labor Standards Act.

## VENUE AND JURISDICTION

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this case is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203, et seq.

9. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367, as they are so related to Plaintiffs' federal law claims that they form part of the same case or controversy.

10. This Court has personal jurisdiction over Defendants by virtue of their presence, residence, incorporation, operation, actions, and regular and systematic contacts in Ohio.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because this District is where a substantial part of the events or omissions giving rise to the claims occurred and Defendants are subject to personal jurisdiction in this venue.

## BACKGROUND FACTS

12. Defendant Vivero is a corporation that owns and operates Taqueria Mercado in downtown Cincinnati on the corner of Eighth St. and Walnut St.

13. Upon information and belief, Defendant Taqueria is a corporation comprised of either all or many of the same shareholders as Defendant Vivero.

14. In fact, Defendant Taqueria and Defendant Vivero share more than just shareholders.

15. For example, Defendant Taqueria prepares tamales, soups, recipes, and other prepared foods with Defendant Vivero.

16. Defendant Taqueria prepares these items in Fairfield, and it delivers them to the Taqueria in Cincinnati.
17. Defendant Romo is a manager at Defendant Vivero's and Defendant Taqueria's downtown Taqueria Mercado.
18. Upon information and belief, Defendant Romo owns a small share of Defendant Vivero and potentially a small share of Defendant Taqueria.
19. Moreover, Defendant Romo receives a salary, and he is not paid hourly regardless of the duties he is performing.
20. Defendant Romo has complete and total control over the terms and conditions of employment in the Cincinnati Taqueria Mercado's frontline.
21. Defendant Romo enjoys the title of manager.
22. Defendant Romo sets the schedule for all the frontline staff.
23. Defendant Romo interviews employees and hires those employees.
24. Defendant Romo fires employees.
25. Defendant Romo creates and communicates other employment terms, such as attire, requesting time off, and communicating and enforcing general employment policies.
26. Defendant Romo handles employment records.
27. All the Defendants enforce a tip-sharing arrangement with their downtown frontline staff.
28. All Defendants also take the tip credit available under the FLSA, and they do not pay their waiters the entire minimum wage generally required under Ohio and/or federal wage law as a result.
29. Defendants employed all Plaintiffs here as waiters within the last two years.

30. All Plaintiffs here were tipped waiters, they were all subject to Defendants' tip credit, and they did not receive the entire minimum wage as a result.

31. All Plaintiffs here were compelled to participate in Defendants' tip-sharing mandate.

32. Defendant Romo hired the Plaintiffs, he set their schedules, he forced them to participate in the tip pool, he set Plaintiffs' conditions of employment, and he ultimately had the power to terminate their employment.

33. All Plaintiffs here waited tables while Defendant Romo was managing.

34. While Defendant was managing, he would at times assist with taking orders and delivering orders.

35. Defendant Romo's wife was also a salaried manager, and she would often participate in the service of meals while Plaintiffs were working.

36. It is believed that Romo's wife is also a partial owner of Defendants' businesses.

37. When Plaintiffs worked with Defendant Romo, he would force them to share their tips with himself and his wife.

38. Thus, two waiters were often forced to share their tips with two managers.

39. Therefore, all Defendants, as Plaintiffs' employers, wrongfully took Plaintiffs' tips and distributed them to their employers/managers.

40. In addition, Defendants inaccurately reported Plaintiffs' wages to taxing agencies.

41. Plaintiffs all discovered and believe that they are taxed in an amount in excess of the pay they received from Defendants.

42. It appears that Defendants have reported their income as the amount they were tipped while working instead of the amount they received after their employers took their tips according to their mandatory tip-sharing system.

43. Therefore, Plaintiffs have seemingly paid taxes on income their employers have received.

44. Employers misrepresented wage and tax information on Plaintiffs' payroll information, and Plaintiffs justifiably relied on this misinformation.

## CLAIMS FOR RELIEF

### Count 1
### FLSA Violation – Unlawful Tip Pool

45. Plaintiffs restate and incorporate all previous paragraphs.

46. Defendants take the tip credit regarding minimum wage under the FLSA.

47. Defendants compel their waiters to participate in a tip pool.

48. Defendant Romo is an employer under the FLSA because (1) he is a shareholder; (2) he is on salary; (3) he hires employees; (4) he fires employees; (5) he sets the schedule for the employees; (6) he sets the conditions of employment for the employees; (7) he manages employee records; and (8) he is the primary authority for all frontline staff.

49. Defendants have given Defendant Romo the authority to manage the employment conditions for their frontline staff at its Cincinnati location, including the management of the tip pool.

50. Although Defendant is a manager and employer under the FLSA, Defendants compel their waiters to share their tips with Defendant Romo.

51. Defendants have compelled their employees to participate in an unlawful tip-sharing policy.

52. Defendants have unlawfully enjoyed the tip credit, and they have unlawfully taken Plaintiffs' income in the form of their tips.

53. Defendant Taqueria and Vivero are liable for these violations of the FLSA because they gave Defendant Romo the authority to manage their frontline staff and tip policies.

54. Defendant Romo is individually liable because he is an employer under the FLSA because he controls the conditions of employment, and he has enriched himself with his subordinate's income.

55. Defendants have all damaged Plaintiffs.

56. Plaintiffs here have all complained to Defendant Romo that they believed this tip-sharing procedure was unlawful, and they placed Defendants on notice.

57. Defendants continued to unlawfully compel Plaintiffs to share their tips with their employer after Plaintiffs placed them on notice.

58. Defendants have acted willfully, and in conscious disregard of Plaintiffs' rights.

## Count 2
## Violation of R.C. § 4111

59. Plaintiffs restate and incorporate all previous paragraphs.

60. For the reasons stated above, Defendants further violated R.C. § 4111.01 because they unlawfully took the tip credit and shared Plaintiffs tips with Defendant Romo.

61. Defendants damaged Plaintiffs, they acted willfully, and they acted in conscious disregard for Plaintiffs' rights.

### Count 3
### Intentional Misrepresentation

62. Plaintiffs restate and incorporate all previous paragraphs.

63. Defendants have a duty to care for the proper management and reporting of Plaintiffs' wages in tax reporting, and to accurately report their employees' wages and deductions to those employees and the IRS.

64. Defendants intentionally reported Plaintiffs' wages at an amount in excess to what they received after they were compelled to share their tips with Defendant Romo.

65. These misrepresentations were material.

66. Plaintiffs justifiably relied on these representations, and they did not notice any discrepancy until they were financially damaged during tax reporting season.

67. Defendants damaged Plaintiffs.

### Count 4
### Negligent Misrepresentation

68. Plaintiffs restate and incorporate all previous paragraphs.

69. Even if Defendants did not intentionally misrepresent taxable income information as alleged above, Defendants negligently misrepresented information relating to Plaintiffs' taxable income and wages.

70. Defendants' misrepresented material facts.

71. Plaintiffs justifiably relied on Defendants' misrepresentations.

72. Defendants damaged Plaintiffs.

8

## Count 5
## Unjust Enrichment

73. Plaintiffs restate and incorporate all previous paragraphs.

74. Upon information and belief, Plaintiffs have paid taxes on tips that they shared with Defendant Romo.

75. Thus, Plaintiffs have assumed some of Defendant Romo's tax liabilities and unknowingly paid those liabilities on Defendant Romo's behalf.

76. Defendant Romo consequently received a benefit without compensating for this benefit.

77. No reasonable person would expect Plaintiffs to unknowingly absorb another's tax liabilities without compensation.

78. Defendant Romo was unjustly enriched, and Plaintiffs are entitled to fair compensation for this unjust enrichment.

**WHEREFORE**, Plaintiffs respectfully request that this Court find for them and award them the following:

      a. Compensatory damages;

      b. Liquidated damages;

      c. Interest;

      d. Punitive damages;

      e. Attorney fees;

      f. Litigation expenses and costs; and

      g. And all other relief this Court deems proper.

Respectfully submitted,

 /s/*Matthew Miller-Novak*
Matthew Miller-Novak		(0091402)
Barron Peck Bennie & Schlemmer Co. LPA
3074 Madison Road
Cincinnati, OH  45209
Tel.  (513) 721-1350
Fax (513) 721-5029
Email:  mmn@bpbslaw.com

Attorney for Plaintiffs

### JURY DEMAND

Plaintiffs demand a jury for all issues at trial.

 /s/*Matthew Miller-Novak*
Matthew Miller-Novak		(0091402)